# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | |
|---|---|
| JOSEPH SIMONS, individually and on behalf of all others similarly situated, | Case No.: 4:22-cv-00039<br>Collective Action (29 U.S.C. § 216(b))<br>Rule 23 Class Action |
| v. | |
| KAYDEN INDUSTRIES (USA), INC. | |

## ORIGINAL COMPLAINT

### I. SUMMARY

1. This lawsuit seeks to recover overtime compensation for Joseph Simons and similarly situated solids control workers ("SCW") working for Kayden Industries (USA), Inc. ("Defendant" or "Kayden") in the United States.

2. Kayden is an international solids control company servicing the oil and gas industry in the United States with offices in Texas, Wyoming, and Ohio.

3. Kayden employs over 100 throughout the United States, including Joseph Simons, to provide solids control services to its oilfield customers.

4. Simons and SCWs typically work "hitches" of 25 days in the field.

5. Simons and SCWs generally work daily shifts of at least fifteen hours, often in harsh outdoor working conditions.

6. Kayden originally paid Simons and SCWs by the hour plus pay labeled as per diem pay that was part of their customary wages.

7. Despite treating Simons and the SCWs as non-exempt employees, Kayden failed to properly pay overtime compensation at 1.5 times their regular rate of pay for all hours worked.

8. In addition to failing to pay overtime pay, Kayden also paid Simons and the SCWs less than the number of hours they worked by shaving time off their timesheets and/or requiring them to work "off the clock."

9. On March 23, 2020, Kayden notified Simons and the SCWs that they were no longer allowed to record time worked over 12.5 hours per day, and that all overtime was required to be approved by Kayden's President, Brent Morrice.

10. In 2021, Kayden began paying Simons and the SCWs a salary without overtime pay, even though Simons and the SCWs continued working many hours well over forty per workweek.

11. As a result, Kayden significantly underpaid Simons and the SCWs for overtime hours worked.

12. Simons brings this action on behalf of himself and similarly situated current and former SCWs who elect to opt-in to this action pursuant to the FLSA. *See* 29 U.S.C. § 216(b).

13. Simons also brings this action under the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-22, ("NMMWA") pursuant the Federal Rules of Civil Procedure 23 ("Rule 23") on behalf of all SCWs who worked for Kayden in New Mexico at any time prior to the filing of this action and the date of final judgment in this action.

## II. JURISDICTION AND VENUE

14. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

15. The Court has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

16. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to Simons' claim occurred in this district.

17. Simons worked for Kayden in this district.

18. Kayden maintains an office in this district.

### III. PLAINTIFF – JOSEPH SIMONS

19. Simons resides in Texas and was employed by Kayden in New Mexico and Texas.

20. Kayden employed Simons as an SCW from approximately 2015 through April 2022.

21. SCWs are oilfield personnel that operate, service, and maintain machines that remove cuttings from drilling mud.

22. Simons' consent to be a party plaintiff is attached.

23. Simons brings this action on behalf of himself and all other similarly situated SCWs who were paid by the hour and performed work off the clock and/or were paid a salary without receiving overtime compensation, and/or were paid job bonuses, *e.g.*, a per diem.

24. The "FLSA Collective" that Simons seeks to certify under the FLSA is defined as:

> **ALL CURRENT AND FORMER SOLIDS CONTROL WORKERS WHO WORKED FOR KAYDEN DURING THE LAST THREE YEARS THAT WERE PAID WITH AN HOURLY RATE, A SALARY, AND/OR JOB BONUS**.

25. The "New Mexico Class" is a class of similarly situated workers Simons seeks to certify as a class under Rule 23 and is defined as:

> **ALL CURRENT AND FORMER SOLIDS CONTROL WORKERS IN NEW MEXICO WHO WORKED FOR KAYDEN DURING THE LAST THREE YEARS THAT WERE PAID WITH AN HOURLY RATE, A SALARY, AND/OR JOB BONUS**.

### IV. DEFENDANT – KAYDEN INDUSTRIES (USA), INC.

26. Kayden employed Simons and similarly situated SCWs.

27. Kayden exercised substantial control over Simons' working conditions, and over the unlawful policies and practices alleged herein.

28. During all relevant times, Kayden employed Simons and the SCWs within the meaning of the FLSA and NMMWA.

29. At all relevant times, Kayden's gross annual revenues were in excess of a $1 million dollars.

30. At all relevant times, Kayden maintained control, oversight, and direction over Simons and the SCWs, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

31. Kayden applied the same employment policies, practices, and procedures to all SCWs at their worksites throughout the United States.

## V. COVERAGE UNDER THE FLSA

32. At all times hereinafter mentioned, Kayden has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

33. At all times hereinafter mentioned, Kayden has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

34. At all times hereinafter mentioned, Kayden has been a part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce by any person and in that Kayden has had and have an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

35. At all times hereinafter mentioned, Simons and the SCWs were engaged in commerce or in the production of goods for commerce.

## VI. FACTS

36. Kayden assigned Simons to Kayden's operations in New Mexico and Texas.

37. During the course of his employment, Simons and the SCWs regularly worked over 40 hours per week.

38. Until approximately 2021, Kayden paid Simons and the SCWs by the hour plus non-discretionary job bonuses, including, but not limited to pay Kayden improperly labeled as "per diem."

39. Kayden underpaid Simons and the SCWs because it failed to factor in non-discretionary job bonuses into Simons' and the SCW's regular rate for determining overtime pay.

40. Kayden also failed to pay Simons and the SCWs all the hours worked by shaving off recorded hours worked and/or preventing Simons and the SCWs from recording all their hours.

41. Beginning in approximately 2021, Kayden paid Simons and the SCWs a salary without overtime compensation.

42. Kayden failed to properly pay overtime compensation to Simons and the SCWs because Kayden failed to pay 1.5 times their regular rates of pay.

43. Upon information and belief, Kayden did not keep accurate records of hours worked by Simons and the SCWs.

## VII. FLSA VIOLATIONS

44. As set forth herein, Kayden violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1.5 times the regular rates for which they were employed.

45. Kayden, knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Simons and the FLSA Collective overtime compensation.

46. Accordingly, Simons and the members of the FLSA Collective are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees and costs.

## VIII. NMMWA VIOLATIONS

47. Simons brings this claim under the NMMWA as a Rule 23 class action.

48. The conduct alleged violates the NMMWA (N.M. Stat. Ann. §50-4-22).

49. At all relevant times, Kayden was subject to the requirements of the NMMWA.

50. At all relevant times, Kayden employed Simons and the New Mexico Class members within the meaning of the NMMWA.

51. The NMMWA requires employers like Kayden to pay employees at 1.5 times the regular rate of pay for hours worked in excess of forty (40) hours in a workweek. Simons and each member of the New Mexico Class are entitled to overtime pay under the NMMWA.

52. Kayden had a policy by which Simons and each member of the New Mexico Class were not paid overtime compensation.

53. Simons and each New Mexico Class member seek unpaid overtime in an amount equal to 1.5 times their regular rates of pay for work performed in excess of 40 hours in a workweek, double damages, prejudgment interest, all available penalty wages, liquidated damages, and such other legal and equitable relief as the Court deems just and proper.

54. Simons and each New Mexico Class Member also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Kayden, as provided by the NMMWA.

55. The improper pay practices at issue were part of a continuing course of conduct, entitling Simons and each New Mexico Class Member to recover for all such violations, regardless of the date they occurred.

## IX. CLASS AND COLLECTIVE ACTION

56. Simons incorporates all previous paragraphs and alleges that the illegal pay practices Kayden imposed on Simons were likewise imposed on the members of the FLSA Collective and the New Mexico Class.

57. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the NMMWA.

58. Numerous other individuals who worked with Simons indicated that they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

59. Based on his experiences and tenure with Kayden, Simons is aware that Kayden's illegal pay practices were imposed on the members of the FLSA Collective and the New Mexico Class.

60. The members of the FLSA Collective and the New Mexico Class were all denied overtime compensation when they worked in excess of 40 hours per week.

61. Kayden is an "employer" of the members of the FLSA Collective and the New Mexico Class.

62. Kayden's failure to pay overtime compensation at the rates required by state and/or federal law results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the members of the FLSA Collective and the New Mexico Class.

63. Simons' experiences are therefore typical of the experiences of the members of the FLSA Collective and the New Mexico Class.

64. The specific job titles or precise job locations of the members of the FLSA Collective and the New Mexico Class do not prevent class or collective treatment.

65. Simons has no interest contrary to, or in conflict with, the members of the FLSA Collective and the New Mexico Class.

66. Like each of the members of the FLSA Collective and the New Mexico Class, Simons has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

67. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

68. Absent this action, many members of the FLSA Collective and the New Mexico Class likely will not obtain redress of their injuries and Kayden will repeat the unjust benefits of violating the FLSA and applicable state labor laws.

69. Furthermore, even if some of the members of the FLSA Collective and the New Mexico Class could afford individual litigation against Kayden, it would be unduly burdensome to the judicial system.

70. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

71. The question of law and fact common to each member of the FLSA Collective and the New Mexico Class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a) Whether Kayden employed the members of the class within the meaning of the FLSA and the NMMWA;

   b) Whether Kayden's decision to not pay time and a half for overtime was made in good faith;

   c) Whether Kayden's violation of the law was willful; and

   d) Whether Kayden's illegal pay practices were applied uniformly across the nation to all the members of the FLSA Collective and the New Mexico Class.

72. Simons' claims are typical of the claims the members of the FLSA Collective and the New Mexico Class.

73. Simons and the members of the FLSA Collective and the New Mexico Class have sustained damages arising out of Kayden's illegal and uniform employment policy.

74. Simons knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

75. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## X.   RELIEF SOUGHT

Simons respectfully requests that this Court grant the following relief:

76. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents pursuant to 29 U.S.C. § 216(b);

77. For an Order pursuant to Section 16(b) of the FLSA finding Kayden liable for unpaid overtime wages due to Simons and the FLSA Collective for liquidated damages in an amount equal to their unpaid compensation;

78. For an Order certifying the New Mexico Class under Fed. R. Civ. P. 23;

79. For an order finding Kayden liable for all unpaid overtime owed to Simons and the members of the New Mexico Class under the NMMWA, double damages, and prejudgment interest at the highest available rates allowed by law;

80. For an Order appointing Simons and his counsel as Class Counsel to represent the interests of the members of the FLSA Collective and the New Mexico Class;

81. For an Order awarding attorneys' fees, costs, and and post-judgment interest; and

82. For an Order granting such other and further relief a may be necessary and appropriate.

Dated: September 23, 2022

                                                Respectfully submitted,

By: **/s/ David I. Moulton**
      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      David I. Moulton
      Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli, *pro hac vice forthcoming*
Dana M. Cimera, *pro hac vice forthcoming*
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375
Jfitapelli@fslawfirm.com
Dcimera@fslawfirm.com

*Attorneys for the Plaintiff and Class Members*